Page W. ACREE, et al.,
Plaintiffs-Appellants,

v.

SHELL OIL COMPANY,
Defendant-Appellee.

No. 82–3718.

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1983.

Rehearing Denied Jan. 26, 1984.

Gary & Field, Russell L. Dornier, Baton Rouge, La., for plaintiffs-appellants.

Taylor, Porter, Brooks & Phillips, Tom F. Phillips, Baton Rouge, La., Stephen G. Lindsey, Gretna, La., for defendant-appellee.

Before GOLDBERG, GEE and TATE, Circuit Judges.

PER CURIAM:

This is a Louisiana diversity action. The district court dismissed the plaintiffs' suit with prejudice. *Acree v. Shell Oil Company,* 548 F.Supp. 1150 (M.D.La.1982). As the plaintiffs argue on their appeal, the issues of state law presented are complex and are not clearly governed by controlling Louisiana law or decision. The opposing constructions of state law are supported by almost equally sound reasons. We have concluded that affirmation is appropriate under the principle that a federal district court's determination on the law in his state is entitled to great weight on review, *Smith v. Mobil Corporation,* 719 F.2d 1313 (5th Cir.1983), *Watson v. Callon Petroleum Co.,* 632 F.2d 646, 648 (5th Cir.1980) (citing other decisions of this circuit), and that the district court's interpretation of state law will not be disturbed on appeal unless it is clearly wrong, *Ryan v. Foster & Marshall, Inc.,* 556 F.2d 460, 465 (9th Cir.1977) (other decisions cited). *See also* 9 Wright and Miller, Federal Practice and Procedure, § 2588 at 752–53 (1971), citing *Freeman v. Continental Gin Company,* 381 F.2d 459, 466 (5th Cir.1967).

Accordingly, unable to find the district court's interpretation of state law to be clearly wrong, we AFFIRM the district court judgment.

AFFIRMED.