WATKINS, Judge.
This matter involves consolidated appeals from a judgment of the Nineteenth Judicial *599 District Court affirming an administrative decision by the Louisiana Department of Labor construing the Prevailing Wage Statute, LSA-R.S. 38:2301. The administrative decision directed a general contractor, Gibbs Construction Company, Inc., to pay prevailing wage deficiencies allegedly owed by its subcontractor, Interior Systems of Louisiana, Inc., to Interior’s employees, and to pay in addition twice the amount of the alleged prevailing wage deficiencies as penalties, notwithstanding the fact that the state withheld no funds to compensate for possible deficiencies.
For the first time after appeal, Gibbs Construction filed an exception raising the objection of no right of action. We are required to consider that exception a peremptory exception under the provisions of LSA-C.C.P. art. 2163.[1] For the reasons given below, we sustain the peremptory exception of no right of action.
In 1984 Gibbs Construction Company (Gibbs) contracted with Louisiana Department of Labor to provide construction and renovation work on State Project No. 09-05-11-81S-1 known as the New Orleans Adolescent Hospital. Being a state project, Gibbs as well as its subcontractors were required to pay their workers prevailing wages in compliance with the provisions of LSA-R.S. 38:2301.
On December 14, 1984 a complaint was filed with the Department of Labor against Gibbs and its subcontractor, Interior Systems of Louisiana (Interior) by Steven Rohlfs, an employee of Interior, claiming insufficient wages were paid. In response thereto the Office of Labor conducted an investigation and audit of the New Orleans Adolescent Hospital Project. The audit revealed discrepancies which prompted an order to show cause on February 14, 1986 why there should not be assessed against Gibbs a deficiency with respect to the payment of prevailing wages, plus a penalty of twice the amount of the deficiency, said deficiency resulting from the failure of Interior to pay prevailing wages.
An administrative hearing was held by the Department of Labor in this matter on March 18, 1986. Testimony was taken from Judith Mayhew, Accountant II with the Office of Labor, Prevailing Wage Division; Perry J. Soniat, Jr., Steven Rohlfs, Daniel A. Eskine, Jr., and David J. Ryals, Interior employees who claimed they had not been paid the prevailing wage on the project; Forrest Carter, job superintendent on the project for Gibbs; Bruce Montreuil, owner of Interior; and James Montreuil, general superintendent for Interior. Gibbs did not appear nor was the company represented by counsel.
The hearing officer concluded that the evidence offered by Interior was inadequate to rebut the prima facie case made by the Office of Labor and claimants. Therefore, the hearing officer held that Interior had failed to pay prevailing wages as follows:
[[Image here]]
An assessment was made against Gibbs in the amount of these deficiencies plus twice that amount as a penalty. From this ruling both Gibbs and Interior sought judicial review pursuant to LSA-R.S. 49:964. These petitions were later consolidated.
On September 11, 1986 a hearing was held in the Nineteenth Judicial District Court, wherein the trial court found that the factual findings of the hearing officer were supported by substantial evidence and that the conclusions drawn therefrom were not arbitrary and did not constitute an abuse of discretion. Gibbs and Interior have consolidated their appeals of that decision.
We have before us the res nova question of whether the Prevailing Wage Statute, LSA-R.S. 38:2301,[2] allows the Department *601 of Labor in effect to obtain a money judgment against a contractor to recover prevailing wages which have allegedly been wrongfully withheld, although the Department of Labor did not withhold funds under the public works contract as provided for in the statute.
The Prevailing Wage Statute provides that certain state construction contracts shall contain a provision stating that laborers are to be paid no less than the wages prevailing in the community where the construction is being performed. The statute also provides, in subsection E, that all such contracts shall include a stipulation that the state may withhold so much of accrued payments as may be necessary to pay to workmen, laborers and mechanics employed by the contractor or subcontractor, the difference in the prevailing wages and what they were actually paid.
In Subsection F the statute provides that in the event it is found by the Department of Labor that any laborer employed by the contractor or subcontractor is owed wages the Department of Labor may, by written notice, require said contractor to pay the amount of underpayment plus, as a penalty, twice that amount. The contractor is given 10 days from such notice to demonstrate to the Department of Labor that his failure to pay the prevailing wage was due to clerical error or inadvertance. The commissioner shall forgive the penalty if the error was inadvertant, providing the deficiency in wages is actually paid or tendered to said workman, within the 10 day period. Further, the contractor may, within 20 days of notice, appeal devolutively said order by summary process and may rule the commissioner of labor to show cause in the Nineteenth Judicial District Court for the Parish of East Baton Rouge why such order should not be recalled and revoked. An appeal shall also lie from the ruling of the Nineteenth Judicial District Court to the appellate courts, the only ground for reversal being that the order was not based upon any substantial evidence.
The two subsections immediately following the above provision establish two methods of enforcement including (1) a detailed explanation of how the withheld funds are to be distributed following an order by the Department of Labor to pay prevailing wages and, (2) a section authorizing and directing the commissioner of labor to distribute a list to all departments of the State of Louisiana, giving the names of persons found to have violated the prevailing wage statute. The effect of being listed is that no contract shall be given to any person on the list until one year has elapsed from date of publication.
Basically, it is the argument of Gibbs Construction that the Prevailing Wage Statute, LSA-R.S. 38:2301, does not confer upon the Department of Labor the authority or right to seek a money judgment from a contractor. The Department of Labor contends that the Prevailing Wage Statute confers upon that Department the right to enforce that Statute in any of several ways, including the right to require the contractor to pay to any laborer or mechanic the prevailing wage. See Subsection F. The Department contends that use of the words “may ... require” in Subsection F empowers the Department of Labor to employ any of several alternate methods of enforcing the statute, including the seeking of a money judgment under Subsection G, the “blacklisting” of the contractor under Subsection H, and the right to withhold from a contractor who has failed to pay the prevailing wage, the deficiency below the *602 prevailing wage, and to pay that difference over to the laborers under Subsections E and G.
In construing a statute, the court must consider the law as a whole and every part of the statute must be given effect where such result can be reasonably achieved. It cannot be presumed that meaningless clauses and phrases were enacted. Pickering v. City of Baton Rouge, 442 So.2d 522, 525 (La.App. 1st Cir.1983).
We note that no provision of the Prevailing Wage Statute either expressly or impliedly confers upon the Department of Labor the right to seek the prevailing wage from the contractor by a money judgment. Instead, the statute provides that once an order, supported by substantial evidence, confirming an underpayment of wages is obtained, the department has two specific methods of enforcement. Subsection G authorizes and directs the Department of Labor to distribute withheld funds and subsection H authorizes and directs the Department of Labor to blacklist any violators of the statute.
Since the legislature specifically designated two methods of enforcing an order to pay prevailing wages, we conclude that it was not their intention to authorize the Department of Labor to obtain a money judgment against a contractor where no funds were withheld on the project.
In our view, Subsections E, F, and G of the Prevailing Wage Statute embody different aspects of the same right conferred by statute, viz. the right of the Department of Labor to “require” the contractor to pay the prevailing wage by withholding from the contractor the amount of the deficiency below the prevailing wage. We find nothing in the Prevailing Wage Statute which grants to the Department the right to convoke an administrative hearing in which a money judgment is sought by the Department of Labor where no funds have been withheld.
Additionally, the Department argues that LSA-R.S. 23:9[3] confers upon the Department that right. However, that statute was obviously enacted without any attempt to cause it to mesh with the Prevailing Wage Statute, as LSA-R.S. 23:9 confers upon the Department the right to file suit, while the Department of Labor under the alleged authority of the Prevailing Wage Statute has initiated an administrative hearing, the decision as a result of which was appealed to the Nineteenth Judicial District Court. The conferring of a general power to sue does not confer upon the Department of Labor the right to seek a money judgment under this particular statute, which does not include the right to seek a money judgment. See Bethard v. State, Through Board of Trustees, 430 So.2d 1122 (La.App. 1st Cir.1983), writ denied, 435 So.2d 430 (La.1983).
In sum, no Codal or statutory provision confers upon the Department of Labor the right to seek a money judgment to meet an alleged deficiency below the prevailing wage.
Therefore, the judgment of the trial court is reversed, and the proceeding dismissed, costs in the sum of $1,335.21 to be paid by the Louisiana Department of Labor.
REVERSED.

. LSA-C.C.P. art. 2163 in pertinent part reads:
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.

. Pertinent subsections of the Prevailing Wage Statute, LSA-R.S. 38:2301, read as follows:
*600 C. Every contract based upon such specifications shall contain a stipulation that the contractor or his sub-contractor shall pay, at the time and at the place established by existing law or custom all workmen, mechanics and laborers who have performed work under the contract, and without subsequent deduction or rebate on any account, the full amount accrued at time of payment, less any authorized deductions for wage assignments, garnishments, taxes, insurance premiums or other similar lawful deductions computed at wage rates not less than those stated in the specifications, regardless of any contractual relationship or agreement to the contrary which may be alleged to exist between the contractor or sub-contractor and such workmen, laborers or mechanics.
D. The minimum scale of wages to be paid shall be posted by the contractor in a prominent and easily accessible place at the site of the work.
E. Every contract subject to the provisions of this section shall contain the stipulation that there may be withheld from the contractor so much of accrued payments as may be necessary to pay to workmen, laborers and mechanics employed by the contractor or any sub-contractor on the work the difference between the rates of wages required by the contract to be paid to such laborers, workmen and mechanics and the rates of wages received by such workmen, laborers and mechanics.
F. Every contract within the scope of this section shall contain the further provision that in the event it is found by the commissioner of labor or the department, agency or board letting the contract that any laborer or mechanic employed by the contractor or any sub-contractor directly on the site of the work covered by the contract has been or is being paid a rate of wages less than the rate of wages required by the contract and this law, that the State of Louisiana or its department, agency or board letting the contract may, by written notice sent by registered or certified mail to the contractor, require him to pay to the said workman, laborer or mechanic the amount by which he has been underpaid plus, as a penalty, twice that amount; provided, however, that the surety for any such contractor shall not be liable for said penalty. If within ten days after receipt by the contractor of such written notice, the contractor shall demonstrate to the commissioner of labor that his failure to pay the prevailing wage as specified in the contract was due to clerical error or inadvertence, the commissioner of labor shall forgive the penalty herein authorized, provided the deficiency in wages is actually paid or tendered to the said workman, laborer or mechanic by the contractor within said ten day period. Within twenty days after receipt by the contractor of such written notice to pay said workman, laborer or mechanic, such underpayment and penalties the contractor may appeal, devolutively, said order by summary process and may rule the commissioner of labor to show cause in the Nineteenth Judicial District Court for the Parish of East Baton Rouge why such order should not be recalled and revoked. An appeal shall lie from the ruling of the Nineteenth Judicial District Court in said matter to the appellate courts as provided by existing laws and shall be devol-utive only. The only ground for reversal of the order to pay said wages and penalties by any court shall be that the order was not based upon any substantial evidence. No appeal of said order shall have the effect of suspending same.
G. The state, or its department, agency or board in charge of the particular contract, if no appeal is taken by the contractor from the order to pay, or during the pendency of any such appeal is authorized and directed to pay directly to workmen, laborers and mechanics from any accrued payments withheld under the terms of the contract any wages found to be due workmen, laborers and mechanics pursuant to this section. If no appeal from the order to pay is taken by the contractor within the twenty day period specified in the preceding section, the state, or its department, agency or board in charge of the particular contract shall, at the expiration of the delay for taking an appeal, pay to the workmen, laborers and mechanics from any accrued payments withheld the penalties found to be due. However, if an appeal has been timely taken, said funds withheld as penalties shall be held in escrow pending said appeal to be paid to the said workmen, laborers and mechanics or the contractor in accordance with the final judgment of the court. .
H. The commissioner of labor is authorized and directed to distribute a list to all departments of the State of Louisiana giving the names of persons or firms found by him to have violated their obligations to employees and subcontractors under this section and who have not, within the ten day period specified in Subsection F of this section, demonstrated to the commissioner of labor that said violation was due to clerical error or inadvertence and who have not paid or tendered the wages found to be due to said workmen within said ten day period, as provided in said Subsection F hereof. No contractor shall be placed on said list who shall demonstrate to the commissioner of labor that the contractual obligation to pay the prevailing wage was violated by a bona fide independent subcontractor, who under the terms of his written subcontract was required to pay said prevailing wage, and that said violation was without knowledge or complicity on the part of the contractor, but this provision shall not relieve the contractor of his liability for wages or penalties due workmen by himself or a subcontractor as elsewhere provided in this section. No contract shall be awarded to the persons or firms appearing on this list or to any firm, corporation, partnership or association in which said persons or firms have an interest, until one year has elapsed from the date of publication of the list containing the names of such persons or firms. Any person or firm aggrieved by the action of the commissioner in so listing his or its name may appeal therefrom suspensively by summary process and may rule the commission *601 er of labor to show cause in the Nineteenth Judicial District Court for the Parish of East Baton Rouge why such listing of him should not be recalled and revoked. The Nineteenth Judicial District Court shall hear said appeal by preference, in term time or vacation, and shall rule thereon within ten judicial days after said appeal is filed in said court. An appeal shall lie from the ruling of the Nineteenth Judicial District Court in said matter to the appellate courts as provided by existing laws but shall be devolu-tive only. The only ground for revoking or recalling said listing by any court shall be that said listing was not based upon any substantial evidence that the person so listed had failed to pay workmen, employees, or subcontractors as required by this section. Even though a violation of this act has occurred, the governor in his discretion may at any time direct the commissioner to remove any name from said list, which shall remove the disabilities which accompany the list; provided that in such case the governor’s action shall have no effect upon the right of a workman, laborer or mechanic to recover the wages and penalties which may be due to him.

. LSA-R.S. 23:9 reads as follows:
The commissioner of labor may apply to a court of competent jurisdiction for aid in enforcement of all labor laws, rules, regulations and lawful orders, and the court shall have jurisdiction to grant aid and equitable relief in such cases subject to the right of appeal by the party aggrieved.