DIXON, Chief Justice.
The res nova issue in this case is said to be whether, under the Prevailing Wage Statute, the Department of Labor can “render or seek a money judgment” from a general contractor on behalf of workers when the state contracting agency has not withheld funds from the contractor.
The Department of Health and Human Resources contracted with Gibbs Construction Company, Inc. (contractor) to perform work on the New Orleans Adolescent Hospital. Gibbs in turn contracted with Interi- or Systems of Louisiana, Inc. (subcontractor) to do interior and drywall work on the project. Pursuant to R.S. 38:2301, workers on state projects must be paid “prevailing wages,” that is wages “prevailing in the area for corresponding classes of workmen, laborers and mechanics employed on *1040 projects of a character similar to the contract work in the area in which the contract is to be performed.” R.S. 38:2301 B.
On December 14, 1984, the Department of Labor received a letter from Steven Rohlfs, a carpenter employed by Interior for the state project; Rohlfs allegedly worked on the project from approximately July 1, 1984 through September 25, 1984. Rohlfs letter alleged that he received less than “prevailing wages” for his work.
In response, the Department of Labor investigated this complaint, contacting Gibbs, Interior and Interior’s employees to ascertain whether there were other alleged deficiencies in the wages that Interior paid its employees.
On January 7, 1986, Interior informed the Department of Labor that a research of its files revealed that Interior had paid Rohlfs $6.36 less an hour than what it should have. By its calculation, Interior stated that it owed Rohlfs $496.08 and noted that “we will handle this in whatever manner you [Department of Labor] deem suitable.”
On February 14,1986, the Department of Labor issued an order to Gibbs and Interior to show cause why there should not be assessed against Gibbs a deficiency with respect to the payment of prevailing wages and a statutory penalty in the amount of twice the deficiency; the order fixed March 18, 1986 as the date for the administrative hearing.
Later in February, the Department of Labor received information from two other Interior employees, Ryals and Soniat, indicating that they may have been paid less than the prevailing rate.
On March 7, 1986, the Department of Labor subpoenaed the president and registered agent of Interior, Bruce Montreuil, to appear at the hearing and to bring with him all records relating to Rohlfs, Soniat and Ryals. Presumably, after the subpoena was sent, the Department of Labor received information from a fourth worker, Eskine, indicating that he had possibly been paid less than a prevailing wage.
The administrative hearing officer found that deficiencies existed and that they were not the result of mistake or inadvertence on the part of Interior, but were by design. The officer then ordered that Gibbs pay to the four workers within ten days amounts ranging from $2339.04 to $9463.68, representing deficiencies plus the statutory penalties. The Secretary of Labor subsequently approved the decision.
Both Gibbs and Interior sought judicial review in the Nineteenth Judicial District Court which then affirmed the department’s decision.[1] Gibbs and Interior then appealed (pursuant to R.S. 38:2301 F) raising the peremptory exception of no right of action for the first time in the First Circuit Court of Appeal.[2] To date, the Department of Labor has not requested that the courts enforce its order to pay or grant a money judgment to it or to the workmen. The court of appeal sustained the exception, holding that “no Codal or statutory provision confers upon the Department of Labor the right to seek a money judgment to *1041 meet an alleged deficiency below the prevailing wage.” Interior Systems of Louisiana, Inc. v. Department of Labor; Gibbs Construction Company, Inc. v. Department of Labor, 518 So.2d 598, 602 (La.App. 1 Cir.1987). We granted writs and now reverse.
In 1968, the legislature enacted a comprehensive prevailing wage statute, R.S. 88:2301 §§ A-M, to insure that workers on state public works contracts are fairly paid;[3] to stimulate the local economy; to insure the quality and proficiency of work on public buildings; and to protect the health, safety and welfare of the state’s residents. To achieve these goals, the statute mandates, among other things, that the Commissioner of Labor determine the prevailing wage before a contract is signed (§ I); that each contract contain a prevailing wage provision (§ B); that the contractor or his subcontractor pay the full amount accrued at payment (§ C); that the contractor post the scale of wages at the work site (§ D).
The statute also contains several enforcement provisions which are the focus of this controversy. The following is a summary of the enforcement provisions.
Under § E, every contract must stipulate that “there may be withheld from the contractor so much of accrued payments as may be necessary” to pay the workers’ deficiencies.
Under § F, every contract must also provide that if it is found by the Commissioner of Labor [4] or the contracting agency [5] that a worker is being paid less than prevailing wages by either the contractor or subcontractor, the state or the contracting agency may, by written notice, require that the contractor pay the worker the deficiency plus a penalty (twice the deficiency). The contractor then has ten days to demonstrate to the commissioner of labor that the failure to pay the appropriate wage was the result of clerical error or inadvertence. If the contractor makes this showing and has paid the worker, then the commissioner is to forgive the penalty.
Section F also outlines the contractor’s rights to appeal. Within twenty days of receiving the order to pay, the contractor may appeal devolutively and by summary process to the Nineteenth Judicial District Court and may rule the commissioner of labor to show cause why the order should not be recalled and revoked. The contractor may also appeal devolutively the ruling of the district court to the court of appeal as provided by existing law.
Section G authorizes the state or the contracting agency to pay the wage deficiency directly to the worker from withheld funds when either the contractor has not taken an appeal or when an appeal is pending. The state or the contracting agency is also authorized to pay the worker the penalty from any withheld funds. Where no appeal has been taken, the worker may be paid the penalty at the expiration of the delay period. Where an appeal is pending, the funds withheld as penalties shall be put into an escrow account until final judgment is rendered.
Section H authorizes the commissioner of labor to “blacklist” contractors who have violated the statute.
In this case, the Department of Labor conducted an adjudicative administrative hearing and found that deficiencies existed and that they were not inadvertent. The Department of Labor then issued an order requiring Gibbs to pay the workers the deficiencies and penalties.
*1042 The Department of Labor acted pursuant to clear legislative authority in determining that deficiencies existed. In pertinent part, § P states: “... in the event it is found by the commissioner of labor or the ... agency ... letting the contract that any laborer or mechanic employed by the contractor or any subcontractor directly on the site of the work covered by the contract has been or is being paid a rate of wages less than the rate of wages required by the contract and this law, ... the State of Louisiana or its ... agency ... letting the contract may, by written notice ... require [the contractor] to pay to the said workman, laborer or mechanic the amount by which he has been underpaid plus, as a penalty, twice that amount. ...” Section P does not specify the exact procedures that should be used to make that determination, but individual statutes providing a remedy are not required to specify all the relevant procedures. The Louisiana Administrative Procedures Act, R.S. 49:950, et seq., mandates specific procedures for agencies to follow in the absence of other specific statutory procedures. Where an agency intends to issue an order, adjudicative hearings are necessary. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330, 333 (La.1980). Because the Department of Labor expected to issue an order, it properly convoked an adjudicative hearing to “find” whether deficiencies existed.[6]
The Department of Labor also acted under express statutory authority in ordering Gibbs to pay. Section F provides that the “State ... or [contracting] agency ... may, by written notice, require [the contractor] to pay” the deficiency and penalty. Although this particular clause of the statute uses the term “state” rather than “department of labor,” the latter is the proper representative of the state here: the initial language of § P states that the commissioner of labor may find deficiencies; subsequent language in § F directs the contractor to demonstrate to the commissioner of labor that the deficiencies were the result of inadvertence. Additionally, as part of the contractor’s right to appeal, § F permits the contractor to rule the commissioner of labor to show cause why the order should not be recalled and revoked.
Moreover, R.S. 23:6(2) authorizes the Department of Labor to enforce all labor laws: “[i]n addition to any other powers and duties which may be conferred upon the commissioner by law, he shall ... enforce all labor laws.” Clearly, the term “state” is synonymous with “department of labor” in § P.
Not only does this statute expressly authorize the issuance of orders to pay, but the Louisiana Administrative Procedures Act contemplates that one role of agencies is a quasi-judicial one, allowing the issuance of decisions or orders. R.S. 49:951(3). Furthermore, R.S. 23:9 authorizes the Department of Labor to apply to the courts “for aid in enforcement of all ... lawful orders.”
Whether funds were withheld from the contractor is irrelevant to the department’s issuance to Gibbs of an order to pay. In the first , place, § E uses the permissive “may” to authorize the withholding of funds; it is not mandatory that funds be withheld. Second, § P is devoid of any language suggesting that orders can only be issued to contractors from whom funds have been withheld. The language of § P unequivocally directs the contractor to pay the workers’ deficiencies and penalties. The money to satisfy the order comes from the contractor; the contractor has no access to withheld funds. If the statute meant that the workers would be paid from withheld funds, there would be no purpose for the statute’s authorization of an order directing the contractor to pay.
For the foregoing reasons, we conclude that the Department of Labor has the right to issue to the contractor Gibbs Construction Company, Inc. an order to pay deficiencies and penalties regardless of whether funds were withheld. The judgment of the court of appeal sustaining the exception of no right of action is reversed and the case is remanded to the court of appeal to determine whether the order to pay was based *1043 on substantial evidence in accordance with R.S. 38:2301 F.
Costs of this proceeding are assessed to the contractors Gibbs Construction Company, Inc. and Interior Systems of Louisiana, Inc.
MARCUS, J., dissents agreeing with the judgment of the court of appeal.
DENNIS, J., dissents with reasons.

. After Gibbs and Interior petitioned for judicial review, Gibbs and the Department of Labor moved for consolidation of the Gibbs case and Interior’s case; the district court granted the motion.

. Code of Civil Procedure art. 2163 in pertinent part provides: “The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record." The amicus curiae in this case, Milton J. Wom-ack, Inc., urges this court to reach the same conclusion as the United States Court of Appeals in United States v. Capeletti Bros., Inc., 621 F.2d 1309 (5th Cir.1980). There the court held that the federal prevailing wage statute, the Davis-Bacon Act, 40 USC § 276a, did not impliedly create a right of action allowing workers to sue general contractors for allegedly paying less than prevailing wages. The federal case is inapplicable here. Although some of the language of the Davis-Bacon Act is used in the Louisiana statute, the Davis-Bacon Act does not contain the “order to pay" language on which we rely to hold that the Louisiana statute expressly creates a right of action. Moreover, the United States circuits disagree whether the Davis-Bacon Act creates a private right of action. The Seventh Circuit has held that there is a private right. McDaniel v. University of Chicago, 548 F.2d 689 (7th Cir.1977), cert. den. 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978).

. The prevailing wage statute applies to construction, alteration and repair contracts in excess of $25,000, where at least 90% of total funds involved are state or federal funds and to which the state or state agency, department or board and a private contractor are parties. R.S. 38:2301 B.

. At the time the prevailing wage statute was enacted, a commissioner headed the Department of Labor. Since that time, that function has been assumed by a secretary of labor. See R.S. 23:1 and 36:303. Within the context of the statute, we retain its use of the term "commissioner.”

.The statute uses the language “contracting department, agency or board." For simplicity’s sake, this opinion will use the term “contracting agency."

. We express no opinion as to the sufficiency of notice or evidence in the hearing.