**Ciro BALLIACHE, et al.,
Plaintiffs–Appellants,**

v.

**FRU–CON CONSTRUCTION CORP.,
Defendant–Appellee.**

No. 88–3654.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 1, 1989.

Bruce C. Waltzer, Katherine M. Bigler, Waltzer & Bagneris, New Orleans, La., for plaintiffs-appellants.

Gerald J. Huffman, Jr., Frederick J. Plaeger, II, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for defendant-appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

PER CURIAM:

A group of former and present employees of Fru–Con Construction Corporation

("Fru–Con") sued Fru–Con in Louisiana state court for paying them below the prevailing wage rate allegedly required by La. R.S. 38:2301[1] and Jefferson Parish Ordinance No. 15,944. Fru–Con successfully removed the case to federal district court based upon diversity of citizenship. The district court then granted Fru–Con's Fed. R.Civ.P. 12(b)(6) motion to dismiss plaintiffs' claims, reasoning that no private right of action existed under either the statute or the ordinance. We affirm.

## I.  *Standard of Review.*

■ Where a case, removed to federal court on diversity grounds, involves an interpretation of state law, the district court becomes, in effect, another state court, *Angel v. Bullington,* 330 U.S. 183, 187, 67 S.Ct. 657, 659, 91 L.Ed. 832 (1947), and must choose the rule which it believes that state's highest court would most likely adopt. *Green v. Amerada–Hess Corp.,* 612 F.2d 212, 214 (5th Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980). We generally accord such decisions great deference on appeal, as we believe that "a federal trial judge who sits in a particular state and has practiced before its courts is better able to resolve difficult questions about the law of that state than other federal judges lacking such experience." *Commonwealth Life Ins. Co. v. Neal,* 669 F.2d 300, 304 (5th Cir.1982); *NCH Corp. v. Broyles,* 749 F.2d 247, 253 n. 10 (5th Cir.1985); *Acree v. Shell Oil Co.,* 721 F.2d 524, 525 (5th Cir.1983); *Avery v. Maremont Corp.,* 628 F.2d 441, 446 (5th Cir.1980). Accordingly, we will reverse in this case only upon finding that the district court's ruling that plaintiffs failed to state a claim under either the Louisiana statute or the Jefferson Parish ordinance was obviously wrong. *Acree,* 721 F.2d at 525; *Avery,* 628 F.2d at 446.[2]

## II.  *The Louisiana Prevailing Wage Statute.*

■ Under La.R.S. 38:2301(B), workers must be paid at least "prevailing wages," as determined by the Louisiana Commissioner of Labor, according to the rate found "to be prevailing in the area for corresponding classes of workmen ... employed on projects of a character similar to the contract work in the area in which the contract is to be performed." The Commissioner also may "adopt and promulgate such reasonable rules and regulations and ... conduct such investigations as he deems necessary to insure the enforcement of this section." La.R.S. 38:2301(L). Finally, the statute provides administrative procedures for adjudicating alleged violations. Nowhere does the statute explicitly or implicitly authorize a private right of action.

In its dismissal order, the district court relied heavily upon the statute's emphasis on administrative procedures and remedies in finding no implied right of action. The Louisiana Department of Labor determines prevailing wages, as well as whether a given project is covered under the statute. Pursuant to the statutory administrative procedures, the Department of Labor notifies suspected violators, who may then respond. La.R.S. 38:2301(F). An administrative determination then follows, with a right of appeal to a designated Louisiana court. The state pays underpaid workers the amount of the deficiency in their wages, while violating employers usually are punished by being "blacklisted" from state projects. La.R.S. 38:2301(G), (H).

Considering the above provisions of the statute, the district court concluded that implying a private right of action would have unintended and negative consequences. First, it would require courts to determine, on an *ad hoc* basis, both prevailing wages and whether particular contracts are covered by the statute, even though

---

**1.** This statute was subsequently repealed on June 3, 1988, by Act No. 18 of the 1988 Regular Session of the Louisiana Legislature.

**2.** We note that this is not a case involving a rule 12(b)(6) dismissal based upon either the inadequacy of the factual allegations in the complaint or the failure to state a claim under federal law.

In those situations, we generally would apply a less deferential standard of review. *See Scheuer v. Rhodes,* 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

both designations are explicitly delegated to the Department of Labor. Second, it would create "the undesirable possibility of conflicting decisions between a state administrative agency and the courts."

We agree with this reasoning. We also note that the dismissal is consistent with the longstanding principle of Louisiana law that "where the provision for liability [created by a statute] is coupled with a provision for a special remedy, that remedy—that alone—must be employed." *State v. Norres,* 142 La. 392, 76 So. 812, 814 (1917). Here the application of this principle counsels that the provision of the administrative remedy precludes allowing a private right of action, absent a compelling reason to the contrary.

The only authority we are able to identify as arguably supporting a private right of action under the statute is *Gibbs Const. Co. v. Department of Labor,* 525 So.2d 1039, 1040 n. 2 (La.1988, *rehearing granted*). In that footnote, the Louisiana Supreme Court compared section 38:2301 to the Davis–Bacon Act, 40 U.S.C. § 276a et seq. (1982), an analogous federal statute, and stated that "[a]lthough some of the language of the Davis–Bacon Act is used in the Louisiana statute the Davis–Bacon Act does not contain the 'order to pay' language on which we rely to hold that the Louisiana statute *expressly* creates a right of action" (emphasis in original). However, we do not believe that this language controls the instant case for several reasons.

First, the language is mere dictum, as *Gibbs* involved the question of whether the Department of Labor could assess damages under the statute, rather than whether a private litigant could file suit. Second, both the wording of the footnote and its context in the opinion render it both ambiguous and confusing. Accordingly, it is by no means certain that the "right of action" referred to is a private right of action, since the facts did not involve one and none is mentioned as part of a hypothetical discussion. Third, it is unlikely that the Louisiana Supreme Court would have recognized a private cause of action in such an indirect fashion. Fourth, and finally, under Louisiana law the grant of a rehearing has

the effect of vacating a decision such that the language from *Gibbs,* inasmuch as it otherwise could be said to establish a private right of action, is vacated pending a decision on rehearing.

III. *The Jefferson Parish Ordinance.*

Plaintiffs next argue that Jefferson Parish Ordinance No. 15,944 is, in effect, an enabling law permitting them to sue under any existing state or federal prevailing wage statute even if such statute does not independently provide a private cause of action. We agree with the district court that this reading of the ordinance is without merit.

In essence, Ordinance No. 15,944 simply provides that if prevailing wage laws are applicable under a certain set of circumstances, then all parish contracts must contain a clause noting their applicability. The ordinance also provides that if such laws are not applicable, then no such clause shall be included. Nowhere is there any provision for enforcement or penalties for failure to comply, much less any indication that a private cause of action is intended. The district court certainly did not commit clear error in finding that the ordinance does not create an individual cause of action.

AFFIRMED.