## Joan PIERRE and Joseph Pierre

v.

## AMERICAN–INTERNATIONAL TRAVEL, INC. and Northwest Airlines, Inc.

### Civ. A. No. 89–379–A.

United States District Court,
M.D. Louisiana.

Aug. 14, 1989.

O'Neil J. Parenton, Jr., Talbot, Sotile, Carmouche, Marchand, Donaldsonville, La., for plaintiffs.

Frederick Kroenke, Jr., Stanley, Kroenke & Harrison, Baton Rouge, La., for defendant, American–Intern. Travel, Inc.

V. Charles Cusimano, Hebert & Spencer Baton Rouge, La., for defendant, Northwest Airlines, Inc.

## RULING ON MOTION TO REMAND

JOHN V. PARKER, Chief Judge.

This matter is before the court on plaintiffs' motion to remand. Defendant, Northwest Airlines, Inc., has filed an opposition. There is no need for oral argument. Removal jurisdiction is allegedly based upon diversity of citizenship.

On February 27, 1989, plaintiffs, Joan and Joseph Pierre, citizens of Louisiana, filed this action in the Twenty-third Judicial District Court for the Parish of Ascension. Plaintiffs claim damages for personal injuries allegedly sustained by Mrs. Pierre on February 28, 1988, when she fell while plaintiffs were preparing to board a flight on Northwest Airlines in Louisville, Kentucky. It appears that Mr. Pierre is handicapped and that Mrs. Pierre had to climb a stairway while carrying his crutches and baggage, which allegedly caused her to fall. Plaintiffs claim that Northwest Airlines and American–International Travel, Inc. (the travel agency that made plaintiffs'

reservations) were jointly or concurrently negligent in failing to make proper arrangements for "the handicapped Mr. Pierre and his family, forcing Mrs. Pierre to encounter a dangerous stairway while carrying Mr. Pierre's crutches and baggage." It is further alleged that Northwest Airlines was negligent in failing to maintain its premises for handicapped persons.

On May 17, 1989, defendant Northwest Airlines, a Minnesota corporation with its principal place of business there, filed a petition for removal[1] alleging that defendant American–International Travel, Inc., a Louisiana corporation, had been improperly joined to defeat removal. Plaintiffs' motion for remand challenges the allegation of fraudulent joinder.

It is well-settled that in order to prove "fraudulent joinder" the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the nondiverse defendant or that there has been outright fraud in plaintiff's pleading of the jurisdictional facts. *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). The burden is upon the removing party to prove the alleged "fraud" in joining the nondiverse party. Id. The court is required to consider the factual allegations of plaintiff's petition in the light most favorable to plaintiff. Id.

■■■ Northwest Airlines argues that plaintiffs have failed to state a cause of action against the travel agency since there are no allegations to show that it breached a duty owed to Mrs. Pierre, i.e. the duty allegedly breached was owed Mr. Pierre, as a handicapped person.

The pertinent allegations of the state court petition are:

1. Defendant alleges that it did not receive the state court petition until February 27, 1989. Thus, the removal petition appears to have been timely filed.

2. As the accident occurred in Kentucky, the court notes that there is a potential conflicts of law issue which has not been addressed by either side. In diversity cases, the court is bound to follow the conflicts of law principles of the forum state, Louisiana. *Klaxon C. v.*

The accident and the injuries described above were caused by either the joint and/or concurrent negligence of the defendants as follows:

### AMERICAN–INTERNATIONAL TRAVEL, INC.

a. Negligently failing to notify and/or make arrangements for the handicapped Mr. Pierre and his family, forcing Mrs. Pierre to encounter a dangerous stairway while carrying Mr. Pierre's crutches and baggage;

b. Failing to properly make reservations for the handicapped Mr. Pierre;

c. Other acts of negligence which shall be shown at trial.

### NORTHWEST AIRLINES

a. Failing to make the necessary arrangements for the handicapped Mr. Pierre;

b. Failing to maintain their premises to accommodate handicapped persons;

c. Other acts of negligence which shall be shown at trial.

No facts are alleged from which one can conclude that there was a contractual obligation undertaken by American–International Travel, Inc. to undertake to have American Airlines "make arrangements for the handicapped Mr. Pierre and his family." Although the allegations are somewhat vague, it is plain that American–International acted only as a travel agent in making reservations and issuing tickets for travel on American Airlines, the carrier. Since the jurisdictional issue for the removal petition is diversity of citizenship, this court must apply the law of Louisiana[2] as best it can as if it were a Louisiana court.

*Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). However, a finding that defendant owed a duty toward the plaintiff is essential under common law as well. W. Keeton, D. Dobbs, R. Keeton & D. Owen, the Law of Torts § 30 (5th ed. 1984). Consequently, there is actually no conflict or a "nonconflict" of laws in this case. *Brown v. DSI Transports, Inc.*, 496 So.2d 478 (La.App. 1 Cir.1986), writ denied, 498 So.2d 18 (1986).

*Balliache v. Fru–Con Const. Corp.,* 866 F.2d 798 (5th Cir.1989).

The case against American–International is based wholly upon alleged negligence under LSA–C.C. art. 2315, although the facts alleged are sketchy at best.

The determination of whether a "duty" exists is a question of law. *Harris v. Pizza Hut of Louisiana, Inc.,* 455 So.2d 1364 (La.1984). In *Harris,* the court explained Louisiana's duty-risk analysis as follows:

## NEGLIGENCE

Whether or not the plaintiff has alleged a cause of action for negligence depends on whether the facts alleged, taken as true, prove the following elements:

(a) that the conduct of which he complains was a cause in fact of the harm;

(b) the existence of a duty on the part of the defendant which was imposed to protect against the risk involved;

(c) breach of that duty by the defendant; and

(d) actual damage to his person or property as a result of defendant's action or omission.

*Dixie Drive It Yourself Sys. v. American Beverage Co.,* 242 La. 471, 137 So.2d 298 (1962).

542 So.2d at 119.

Plaintiffs here fail to establish the existence of a duty on the part of American–International owed to Mrs. Pierre. Plaintiffs cite no authority for the proposition that a travel agency owes a duty to persons accompanying a handicapped passenger to arrange for boarding assistance. Undoubtedly, the travel agency cannot be held accountable for the "dangerous stairway" since it has no ownership or control over the terminal areas. The travel agent cannot be held accountable to Mr. Pierre for the "dangerous stairway" for the same reason—no control over the terminal. Moreover, Mr. Pierre suffered no harm from the "dangerous stairway"—his claims are limited to his alleged loss of consortium because of the injuries sustained by his wife.

Taking the well-pleaded factual allegations as true, the petition alleges no facts which establish a legal duty on the part of American–International Travel, Inc. towards Mrs. Pierre or Mr. Pierre. See *Burdis v. Lafourche Parish Police Jury,* 542 So.2d 117 (La.App. 1 Cir.1989). Therefore, the court finds that defendant Northwest Airlines has met its burden in showing fraudulent joinder.

Accordingly, the motion by plaintiffs for remand is hereby DENIED and the presence of American–International Travel, Inc. will be ignored. *Chevron U.S.A., Inc. v. Aguillard,* 496 F.Supp. 1038, 1042 (M.D.La. 1980).