The opinion of the court was delivered by
Breaux, J.
Plaintiffs sought to have telephone poles removed which the defendant has erected within about one hundred and twenty feet of the centre line of the new basin canal.
The history of the title of the State, for thé purposes of this suit, dates back to March 5th, 1831, at which time a statute of incorporation was enacted by the Legislature, incorporating the subscribers to the New Orleans Canal and Banking Company and by Section 8 of the statute áuthoriziíig the company to construct a canal of the width of sixty feet at the top of the water, and of sufficient depth to admit vessels drawing six feet of water.
At the expiration of thirty-five years after its passage, by Section 26 of the statute, the property of the canal and road, to the extent of one hundred and twenty feet, on each side of the canal, became vested in the State of Louisiana.
Under Statute 144 of 1888, a board of control has the general management of the canal and shell road.
The complaint of plaintiffs is, that about February 1st, 1894, the “Great Southern Telephone and Telegraph Company”, without authority from any one, established along the west side of the canal, a line of telegraph wires, 'extending from the intersection of the canal with Claiborne street, to a place near Metairie Ridge.
That in 1898, about May, the Cumberland Telephone and Telegraph Company succeeded to all the rights and privileges of the Great Southern Telephone and Telegraph Company and assumed all of its liabilities and responsibilities, and that in consequence of the former’s use of the property and of its assumption of responsibility, it is indebted to the plaintiffs in the sum of six hundred dollars a ye.ar, or in a total *1413 of twenty-seven hundred and seventy-five dollars; that recently the company has undertaken to locate additional poles and erect new lines, and has cut trees and made excavations upon the property.
Plaintiffs sued out an injunction before the District Court to einjoin and restrain' the Cumberland Telephone and Telegraph Company from erecting any poles or constructing any lines of telephone wire, or from making any excavations, cutting any trees on the property and asked judgment in the sum before stated for the use of the property.
The defendant joined issue with plaintiffs, and here urges that the Statute 124 of 1880 was sufficient authority for locating as it has, its telephone lines over plaintiff’s lands, and avers that it has not violated the condition of the State concession by interfering with the ordinary use of the canal and shell road.
If the decision bei against defendant on this point, then the defendant contends that the State and the canal board permitted the telephone company to erect its poles and establish its line on plaintiff’s land, and that it is not possible after acquiescence, as alleged, for the State to recover compensation for the use alleged.
And lastly, defendant argues that the value to the State of the very limited space occupied by its poles and wires is very slight.
Before taking up the argument, we desire to state, that Section 696 of the Revised Statutes contains a provision under which telegraph companies may construct and maintain telegraph lines over State land; and this article was amended by Statute 124 of 1880, enlarging the permission, so as to include telephone companies within its terms.
The amended statute contains a provision, part of which sets forth, that in the event of the failure of a company, on application, to secure the needed right of way upon just terms, then the company may expropriate the right of way.
The judge of the District Court decided against plaintiffs, the State of Louisiana and the Board of Control of the New Basin Canal and Shell Road, rejecting plaintiff’s demand and dissolving the writ of injunction, herein issued, without damages.
From the judgment, plaintiffs prosecute this appeal.
We have read plaintiff’s brief, and we did not find anything in it indicating that plaintiffs insist on that portion of their petition which asks for relief by injunction, nor have we discovered that the complaint about excavating works and the cutting of trees of plaintiffs, is insisted *1414 upon. The evidence any way would no.t sustain the insistence.
1st. In answer to defendant’s claim to a right of way allowed by the statute to which we have referred supra, plaintiffs contend that the lands referred to in the statute as land over which defendant’s line may be constructed are the public lands of the S tate, and not property devoted to a particular use under her laws.
The words “State lands”, as used in the article of the Revised Statutes and in the amending act, are broad enough, as we construe them, to embrace the State lands adjacent to the new basin canal. We have not found that these words include only “public lands” open to settlement or subject to sale as “public lands” by the government.
We take it, that the terms of the law denote the intention to use the words in a broad, and not in a strict sense.
The land along this canal, we understand, can well be used by this company without interfering with the use of it which the State makes. Non-interference with the State’s use is the condition.
It may well be said that there are lands appropriated by the State, for purposes which the companies would have to respect, even though they did not interfere with the State’s use.
It is true, as contended by plaintiffs, that land reserved for any purpose, ceases to be a part of “public land” under the general government, and that in all grants or proclamations the portion reserved, is always excepted, although the excepted land is not specifically mentioned; citing in support a number of decisions.
The sale of public lands by the general government is inconsistent with the idea of the reservation made by the government for its purpose, an inconsistency, however, which does not arise in the case before us for decision. It is different between the general government and the State government and for that reason the decisions cited are not in point.
As relates to the canal, there is no possible inconsistency or hindrance of any kind in the use granted, subject as it is, to the right of plaintiffs, as stated in the statute (124 of 1880).
We pass to the construction placed on this act by plaintiffs’ counsel, as relates to expropriation, their contention being that the statute before cited relates only to such property as can be made the subject of expropriation proceedings.
*1415 The amending statute, as contended by plaintiffs, does contain a proviso, a portion o' which sets forth, that on failure of the company to obtain the needed right, then the company may expropriate. The proviso does not defeat the purpose of the statute as relates to lands of the State. The- statute refers to private individuals only, in so far as expropriation is mentioned.
There remains in addition to the power of expropriation granted by its terms, the provision of the statute granting permission to telegraph and telephone companies, in the following words:
“Telegraph and telephone companies shall be entitled to the right of way over all lands belonging to the State, provided,” etc.
This, in our judgment, is the extent of the exercise of a right the statute chose to give over State land.
Plaintiffs, in the second place, attack the Statute of 1880 as unconstitutional, being, they contend, in violation of Article 56 of the Constitution of 1879, prohibtiing the “loan ” “pledge ” or “grant” to any person, association or corporation, public or private, of the funds, credit, property or thing of value to the State.
The statute in question contains, as we taire it, a contemporaneous construction placed on the article 56 of the Constitution of 1879 by the Legislature, and, as such, is entitled to some weight.
Cantemporanea expositio est fortissinia in lege, terse and admirable expression of the civil law.
In the face of the article, a short time after the constitutional convention held in 1879 had adjourned, the Legislature adopted this statute.
Moreover, as an original question, we have not discovered that the statute is at all within the prohibition of the constitution.
The State, as we take it, was not divested of .its power to permit a telephone company to use an insignificant portion of her lands to plant its poles and string its wires. It is not a “loan”, “pledge” or “grant”, as we read the statute but a mere permission to use for purposes already stated, if the use is not in any manner to the State’s prejudice.
We have not found that the power of the State is so restrained that it can not permit a quasi public corporation to string its wires over her lands.
If we were to grant plaintiffs’ proposition, useful improvements would have to stop at every line dividing private from State land.
*1416 We take, up for a moment the following ground of defense, to which (although our views sustain defendant on other grounds) we do not assent. The ground is, if the provision in the Act of 1880 as relates to compensation and expropriation proceedings, includes the land of the State, then defendant contends, the principles regarding occupancy of land; subject to expropriation, equally apply, and plaintiffs are amenable to the doctrine of acquiescence and estoppel laid down in the suit of St. Julien vs. Morgan’s Louisiana & Tex. R. R., 35 Ann., 922, that the State and its officers having remained silent and allowed defendant to plant its poles and string its wires, the State is estopped.
We agree with the learned Attorney General and his able/ associate counsel that the St. Julien case has no bearing. The sovereign can not be placed in an attitude of acquiescing in any invasion of its property; it can not be bound as a person would be, except where it chooses to lay aside its. sovereign power. The State is surely not subject to the principle of acquiescence applying to individuals who remain silent and permit the use of their property.
We arrive at this conclusion, because there dan be no question here, as relates to the State, of compensation or expropriation.
The question relates only to permission to use land vel non.
Other propositions have been argued. We passed them without comment, for the reason, that, from our point of view, they have no bearing, It would have been different had we concluded that the State is, as plaintiffs contend, restrained by the constitution from granting' the “permit” for which the defendant contends.
In the brief,- decisions have been cited. They would each have been reviewed had we taken up other propositions than those particularly considered by us, which lead to the conclusion, in our judgment, that the decree appealed from should be affirmed.
For the reasons assigned, the judgment appealed from is affirmed.
Rehearing refused.