The STATE OF LOUISIANA, et al.

v.

SPRINT COMMUNICATIONS CO., et al.

Civ. A. No. 94–2650–A.

United States District Court,
M.D. Louisiana.

Sept. 8, 1995.

Patrick W. Pendley, Plaquemine, Louisiana, Victor L. Marcello, Talbot, Carmouche, Marchand, Marcello & Parenton, Gonzales, Louisiana, Robert H. Carpenter, Jr., Office of the Attorney General, Department of Justice, Baton Rouge, Louisiana, for plaintiffs.

Henry D. Salassi, Jr., John F. Olinde, Jose S. Canseco, Charles P. Blanchard, Chaffe,

McCall, Phillips, Toler & Sarpy, New Orleans, Louisiana, for Sprint Communications Company, L.P. U.S. Telecom, Inc., Utelcom, Inc. and Ucom, Inc.

M. Lizabeth Talbott, Galen S. Brown, Lamothe & Hamilton, New Orleans, Louisiana, for MCI Telecommunications Corp.

## RULING ON "MOTIONS TO RECONSIDER"

JOHN V. PARKER, Chief Judge.

This matter is before the court on two "Motions to Reconsider" filed on behalf of the defendants. Plaintiffs have filed an opposition. There is no need for oral argument.

The action for which reconsideration is sought, is a ruling dated June 28, 1995, 892 F.Supp. 145 (M.D.La.1995) which granted a motion by plaintiffs to remand these proceedings to the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana. In that ruling, the court expressly found that it lacked both diversity and federal question jurisdiction.

### Is There Authority to Reconsider Rulings on Motions to Remand?

■ A remand order based upon lack of subject matter jurisdiction is not subject to review by the district court or on appeal. See, *Thomas v. LTV Corp.*, 39 F.3d 611 (5th Cir.1994) (distinguishing "discretionary" remand orders). Once the clerk of court mails a certified copy of the remand order (based on lack of jurisdiction) to the state court, the federal court is completely divested of jurisdiction. *Browning v. Navarro*, 743 F.2d 1069 (5th Cir.1984). See also, 28 U.S.C. § 1447(c).

In the action at hand, however, no formal order of remand has yet been forwarded by the clerk to the state court.[1] Consequently, this court retains jurisdiction to reconsider the ruling dated June 28, 1995.

### Reconsideration

Although the "Motion to Reconsider" is found nowhere in the Federal Rules of Civil Procedure, it has become one of the more popular indoor courthouse sports at the district court level. Such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple—a chance to reargue and sometimes submit additional argument and authority in support of his lost motion. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D.Colo.1988).

However, litigants are expected to present their strongest case when the matter is first considered. *Fernandez v. Bankers Nat. Life Ins. Co.*, 906 F.2d 559 (11th Cir.1990). A motion to reconsider based on recycled arguments only serves to waste the resources of the court.

■ Federal Rule of Civil Procedure 8(f) provides that, "All pleadings shall be so construed as to do substantial justice". In light of this, most district courts accept such "motions"; however, to conserve limited judicial resources, rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration.

### Background

The present case is an action by the State of Louisiana and individual plaintiffs, who claim that the defendants have installed fiber optic lines upon property owned by the plaintiffs without their permission. The plaintiffs, including the State of Louisiana, seek compensation from the defendants for the use of servitudes over, and in some cases under, property which they own. Some of the plaintiffs additionally seek damages for trespass.

■ The action was removed to this court by the defendants purportedly based upon federal question jurisdiction (federal preemption) and diversity of citizenship ("fraudulent joinder"). As noted above, the court found neither present. Apparently, the defendants now concede that there has been no federal preemption of Louisiana's private property laws by federal safety laws relating to railway transportation since the "motions for

---

1. Ordinarily, the formal order is issued within a few days of the court's ruling. Apparently, this one "slipped through the cracks."

reconsideration" are limited to a reargument of the same "fraudulent joinder" issues. As such, this court will reconsider its ruling only if the movants have shown good cause to do so by presenting a strong case under the applicable law.

## "Fraudulent Joinder"

█ It is debatable whether a plaintiff can ever "fraudulently join" another plaintiff, in the way that a plaintiff can "fraudulently join" a non-diverse defendant to avoid removal. The court need not revisit that issue in any event because this would clearly not be the proper case to extend the "fraudulent joinder" doctrine to include plaintiffs. As discussed below, the defendants have not shown good cause for this court to reconsider its prior ruling, or that they would be successful if the court did reconsider the prior ruling. For purposes of discussion, the court will assume that the defendants can claim that a plaintiff has been fraudulently joined, and that the analysis is the same as applied to fraudulent joinder of a defendant.

█ To show fraudulent joinder of a defendant, the moving party must show that there is no possibility that the plaintiff would be able to establish a cause of action against them in state court. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). All disputed questions of fact and all ambiguities in state law are resolved in favor of the non-removing party, and the court will then determine if the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992)

Defendants' argument as to "fraudulent joinder" is that, under Louisiana law, the State of Louisiana may not demand compensation from them for use of state property because a state statute, La.R.S. 45:781(A), has been construed by the Louisiana courts so as to exempt telecommunications companies from the necessity of payment for their use of state owned lands. Accordingly, they argue that the state, having no real cause of action against defendants, has been fraudulently joined as a party plaintiff and that there is diversity jurisdiction to proceed in

this court as to all of the other plaintiffs, ignoring the State of Louisiana.

The two cases upon which defendants base their state law argument are *State v. Cumberland Telephone & Telegraph Co.*, 52 La. Ann. 1411, 27 So. 795 (La.1899) where the Supreme Court of Louisiana considered a predecessor statute, Act No. 124 of 1880, and *State Through Div. of Admin., State Land Office v. South Cent. Bell Telephone Co.*, 619 So.2d 749 (La.App. 4th Cir.1993), writ den., 625 So.2d 1037 (La.1993), which considered the current statute. This court assumes that these decisions do indeed stand for the proposition advanced by defendants.

In support of the motion to remand, the State presents several arguments in support of its right to demand compensation, including an apparently contradictory statute, Act No. 215 of 1916 (the substance of which is now La.R.S. 41:1173). That statute was adopted subsequent to the Supreme Court's decision in *Cumberland,* 619 So.2d 749, and the intermediate appellate decision, in the *State Land Office* case, did not consider it.

## Applicable Law

█ It is well settled that in a diversity case a federal district court must apply the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, a common law federal district court sitting in Louisiana should be aware that the substantive law it must apply in diversity cases is the civilian law of Louisiana. Under the civil law, courts look first to the written language adopted by the legislature as the correct source of law, not the decisions of the courts. There is no rule of **stare decisis** in Louisiana. Thus, the common law and the civil law differ greatly in this area. Civilian jurisdictions such as Louisiana follow the theory of *jurisprudence constante.*

In an excellent article, "Life on a Federal Island in the Civilian Sea", 15 Mississippi College Law Review 1 (1994), Professor Crawford explains the civilian theory:

The essence of the theory of *jurisprudence constante,* ... is that judicial precedent is established by a judge on the basis of general rules of law provided by legisla-

tors for the decision of those disputes, and is not based on the general rules of law extracted from judicial precedent. The accumulated precedents gain significance because the words of the legislation, as consistently spoken by judges in their decisions, are attributed to the legislator, and the meaning of the rule of law enacted by the legislator is taken from the specific meaning given to it by judges. Further, the judge analyzes those judicial decisions to determine whether or not they comprise a general rule of law consistent with the needs of the pending case. If what he finds does not fit the needs of the case, then he may disregard the law as spoken by the judges and "return to the words of the general rule of law spoken by the legislator, under the theory that judges are bound to apply the law as given to them by the legislature and not as paraphrased by other judges." Id. at 4. (footnotes omitted)

The Louisiana Supreme Court has noted:

"In Louisiana, courts are not bound by the doctrine of **stare decisis,** but there is a recognition in this State of the doctrine of *jurisprudence constante.* Unlike **stare decisis,** the latter doctrine does not contemplate adherence to a principle of law announced and applied on a single occasion in the past."[2]

As this court has previously observed, "[I]n a civilian jurisdiction such as Louisiana, it is risky business [for a federal court] to rely overly much upon extension of judicial decisions as stating the applicable law, particularly where ... [the legislature] provides a statutory basis for the law ..."[3]

 Under the common law doctrine of *Erie v. Tompkins,* a federal district court is instructed to seek the applicable state law in the same fashion that the highest court of the state would do so. *Balliache v. Fru–Con Const. Corp.,* 866 F.2d 798 (5th Cir.1989). Accordingly, the federal courts are not bound to accept intermediate appellate court decisions as correctly stating state law. Under

the civilian theory of *jurisprudence constante,* courts are not required to accept one decision of the state Supreme Court, construing a predecessor statute, as accurately stating Louisiana law. The highest court of Louisiana, in determining the law applicable to the dispute between these plaintiffs and these defendants, would look to the written words of the legislature in the first instance. In the instant case, the Supreme Court of Louisiana would not consider itself bound by a single 1899 decision construing a predecessor statute. Since the Supreme Court of Louisiana would not consider itself bound by this single determination, neither is this court, sitting in diversity and applying the theory of *jurisprudence constante.*

The standard for "fraudulent joinder", which this court must apply, is the "no possibility of recovery" standard set out in *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981). As discussed above, under *Erie,* the court must look to Louisiana law to determine if the state has any possibility of recovery. Correct application of civilian law and theory demonstrates that the claims of the State are not so lacking in merit that there is no possibility of recovery under state law. Under the Louisiana civil law, neither the Supreme Court of Louisiana, nor any lower state court would be bound to follow the *Cumberland* decision. Therefore, this court is not convinced that there is no possibility that Louisiana can recover under state law.

Consequently, defendants have failed to present strong grounds for reconsideration. The "motions to reconsider" are hereby DENIED.

**2.** *Johnson v. St. Paul Mercury Ins. Co.,* 256 La. 289, 236 So.2d 216, 218 (1970), overruled, on other grounds, *Jagers v. Royal Indem. Co.,* 276 So.2d 309 (La.1973).

**3.** *Clarkco Contractors, Inc. v. Texas E. Gas Pipeline Co.,* 615 F.Supp. 775, 778 (M.D.La.1985).