Charles G. ANDERSON, et al.

v.

RED RIVER WATERWAY COMMISSION.

No. CIV.A. 97–1985.

United States District Court,
W.D. Louisiana,
Alexandria Division.

June 16, 1998.

Donald G. Kelly, William L. Townsend, III, Kelly Townsend & Thomas, Natchitoches, LA, Ronald E. Corkern, Jr., William P. Crews, Jr., Daniel T. Murchison, Watson Murchison et al., Natchitoches, LA, for Charles G. Anderson, Gerald C. Anderson, Clinton Jackson, Tandy Jackson, Jr., Arthur Brown, Jr., Aubrey Matthews, Jr., W.E. Black, W.H. Franklin, Jr.

Henry B. Bruser, III, G. Trippe Hawthorne, Gold Weems et al., Alexandria, LA, Kenneth David McCoy, Jr., Mark L. Roberts, Mark A. Begnaud, McCoy Hawthorne et al., Natchitoches, LA, for Red River Waterway Com'n.

Ted D. Hernandez, Natchitoches, LA, for Northwest Louisiana Fish & Game Preserve Com'n.

John A. Broadwell, U.S. Attorney's Office, Shreveport, LA, for U.S., o/b/o Army Corp. of Engineers, Roy Smith, Joe Smith.

## RULING

LITTLE, Chief Judge.

Before this court is plaintiffs' motion to reconsider. For the following reasons. this motion is GRANTED IN PART AND DENIED IN PART.

### I. *Background*

On 16 March 1998, the court denied plaintiffs' motion to sever and remand. The court determined that it did not have discretion under 28 U.S.C. § 1441(c) to sever and remand the main demand. The court further stated that even if it had discretion it would decline to sever and remand the main demand. We, furthermore, determined that the plaintiffs failed to demonstrate that defendant colluded to create federal jurisdiction. The plaintiffs then filed a motion to reconsider claiming that the court had failed to address several arguments, including Eleventh Amendment immunity. On 8 April 1998, the court ordered plaintiffs and defendant to submit memoranda fully briefing the issue of Eleventh Amendment immunity.

### II. *Analysis*

■ The Federal Rules of Civil Procedure do not provide a mechanism with which a party may file a "motion to reconsider."

*United States v. Emmons,* 107 F.3d 762, 764 (10th Cir.1997). The "motion to reconsider," however, is "one of the more popular indoor courthouse sports at the district court level." *State of La. v. Sprint Communications Co.,* 899 F.Supp. 282, 284 (M.D.La.1995). District courts will "often accept such motions in the interest of substantial justice." *Baustian v. State of La.,* 929 F.Supp. 980, 981 (E.D.La. 1996). Although the court will consider such a motion, one "based on recycled arguments only serves to waste the resources of the court." *Id.* A ruling, therefore, "should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Sprint,* 899 F.Supp. at 284. "[R]evisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advancing new arguments or supporting facts which were otherwise available [when the original motion was filed] is likewise inappropriate.'" *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991) (citation omitted).

As to all issues other than Eleventh Amendment immunity, we find that the plaintiffs have not presented substantial reasons for reconsideration, but rather reiterate their prior arguments. We, therefore, deny plaintiffs' motion to reconsider as to these issues. The court shall, however, reconsider the Eleventh Amendment issues based upon arguments presented by counsel.

### III. *Restated Arguments*

■ This case was removed by the United States pursuant to 28 U.S.C. § 2679. Plaintiffs asked the court to exercise discretion under 28 U.S.C. § 1441(c) to sever and remand the main demand. After analyzing relevant case law we determined that the third party demand is not a separate and independent claim, therefore, § 1441(c) does not apply.

Plaintiffs argue that we did not consider *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980) and other cases. The court notes, however, that the third party claims in *Heck* were based on contractual indemnity and thus were considered separate and independent. *Id.* Counsel also asks us to apply the reason-

ing of our ruling in *A.J. Gregory, Jr., et al. v. Tennessee Gas Pipeline Co., et al.,* Civil Action No. 90–0228. Once again, in that case the third party claim was based on contractual indemnity. The current claims are based on active negligence and, therefore, are not separate and independent. The court can think of no simpler way of conveying this legal concept and hopes that repetition will do the trick. We further note that even if § 1441(c) does apply it is within the court's discretion to sever and remand all matters in which state law predominates. 28 U.S.C. § 1441(c).

Plaintiffs further contend that the court failed to address numerous arguments.[1] In our ruling, we declined to address *Crocker v. Borden, Inc.,* 852 F.Supp. 1322 (E.D.La. 1994), a case cited by plaintiffs in their original memorandum. In *Crocker* the court considered the issue of supplemental jurisdiction over a third party claim and provided the standard for exercising discretion to decline this jurisdiction. Although plaintiffs cited this case, a legal analysis of the supplemental jurisdiction elements was conspicuously absent.[2] We, therefore, declined to examine the issue in our previous ruling.

After wading through the plethora of misfiled papers, the court also elected not to address a memorandum by plaintiffs asking the court to strike "self serving" letters submitted by defense counsel.[3] We found it unnecessary to consider this memorandum because we did not utilize the "self-serving" letters in making our determination. We find the information contained in the letters has no bearing on our prior ruling.

Finally, counsel maintains that the court should apply the law of "fraudulent joinder." As we stated in our ruling, "fraudulent joinder" does not apply to these facts, however, 28 U.S.C. § 1359 may be applicable. After full record review, we determined that the defendant has a legitimate third party claim and that there was no evidence of collusion.

### IV. Eleventh Amendment

Plaintiffs contend that the Eleventh Amendment was not addressed in our ruling. Plaintiffs presented the Eleventh Amendment issue to the court in a letter, not a memorandum. The court does not litigate by letter. In this case, however, we shall address the issue in the interest of justice.

Plaintiffs wish to assert defendant's Eleventh Amendment immunity in an effort to avoid federal jurisdiction.[4] The defendant argues that the plaintiffs do not have standing to assert defendant's Eleventh Amendment immunity. Because we find the defendant is not entitled to Eleventh Amendment immunity, we need not address the issue of standing.[5]

To determine whether the Red River Waterway Commission ("RRWC") is an arm of the state entitled to Eleventh Amendment immunity, the court must examine the following factors:

(1) whether state statutes and case law characterize the agency as an arm of the state;

(2) the source of funds for the entity;

(3) the degree of local autonomy the entity enjoys;

---

1. Specifically, plaintiffs argue that the court failed to address filings by transmittal letter. The court is unaware of a new system in this district under which parties can "file" by transmittal letter.

2. We recognize that the opportunity to decline supplemental jurisdiction over the main demand may exist. The court, however, chose not to examine this discretion when a legal analysis was not provided by counsel.

3. We note that a motion is the appropriate format for asking the court to strike letters from the record. The plaintiffs presented only a memorandum.

4. The procedural facts in this case are highly unusual. Indeed, it is difficult to find a situation in which a plaintiff would try to assert a defense on behalf of a defendant.

5. The court does, however, question plaintiffs' standing to assert defendant's Eleventh Amendment immunity. *See Coolbaugh v. State of Louisiana,* 136 F.3d 430, 442 n. 5 (5th Cir.1998) (Smith, J., dissenting) (questioning whether the Eleventh Amendment issue was properly before the court where the court requested briefing on its applicability).

(4) whether the entity is concerned primarily with local, as opposed to statewide problems;

(5) whether the entity has authority to sue and be sued in its own name; and

(6) whether the entity has the right to hold and use property.

*Minton v. St. Bernard Parish School Bd.,* 803 F.2d 129, 131 (5th Cir.1986) (quoting *Clark v. Tarrant County,* 798 F.2d 736, 744 (5th Cir.1986)). Examining these factors as a whole, we conclude that the RRWC is not an arm of the state and, therefore, is not entitled to assert Louisiana's Eleventh Amendment immunity.

La. R.S. 34:2301 creates the Red River Waterway District as "a body politic and corporate of the State of Louisiana." State law further characterizes the commission as "an instrumentality of the State of Louisiana exercising public and essential governmental functions." La. R.S. 34:2308. Although state law created the RRWC, this fact alone is not conclusive. *Delahoussaye v. City of New Iberia,* 937 F.2d 144, 147 (5th Cir.1991). As defendant argues, many other entities are characterized as body politics of the state, yet not considered "arms of the state." Neither the constitution, statutes, nor case law of Louisiana conclusively identify the RRWC as an arm of the state. Consequently, this factor does not weigh heavily for or against immunity. *McDonald v. Bd. of Miss. Levee Comm'rs,* 832 F.2d 901, 906–07 (5th Cir. 1987).

The second factor in this analysis is the source of funds for the entity. The court should consider the financial autonomy of the entity and more importantly, whether a judgment against the entity will be paid with state funds. *McDonald,* 832 F.2d at 907; *Darlak v. Bobear,* 814 F.2d 1055, 1059 (5th Cir.1987).

The activities of the RRWC are funded through the imposition of ad valorem taxes in the parishes comprising the Red River Waterway District. La. R.S. 34:2309(9). In addition, bonds issued by the RRWC are not guaranteed by the state. *Id.* Plaintiffs argue that the RRWC receives money from the State of Louisiana through its State Revenue Sharing Fund. As defendant correctly points out, the State Revenue Sharing Fund was established in favor of ad valorem tax recipient bodies to offset losses because of homestead exemptions granted by the state. La. Const. Art. 7 § 26(C). As such, the Revenue Sharing Fund is not a source of direct funding by the state to the RRWC.

Plaintiffs further assert that the RRWC will have to turn to the state legislature to satisfy any prospective judgments. The RRWC has statutory authority to raise funds to satisfy a judgment against it. *See* La. R.S. 34:2309(9). The facts indicate that a judgment against the RRWC would not necessitate any payment by the state. It is evident that the RRWC exercises considerable monetary autonomy. This factor, consequently, operates against affording the RRWC immunity.

The RRWC also enjoys a significant degree of local autonomy. Although the governor designates the terms of the commissioners, the court must determine "the extent of the [entity's] independent management authority." *Jacintoport Corp. v. Greater Baton Rouge Port Comm'n,* 762 F.2d 435, 441 (5th Cir.1985) (quoting *Huber, Hunt, & Nichols, Inc. v. Architectural Stone Co., Inc.,* 625 F.2d 22, 25 (5th Cir.1980)). The record indicates that the RRWC has the authority to enter into contracts, negotiate sales, and to formulate and execute policy without the approval of any other state agency. As discussed earlier, the RRWC has the power to levy taxes. This factor, consequently, militates against immunity.

The fourth factor also weighs against immunity. The RRWC is concerned mainly with local, as opposed to statewide problems. The RRWC is responsible for a geographic area encompassing seven parishes. The taxing authority of the RRWC, furthermore, is limited to this geographic location. The RRWC exists to monitor the navigation and recreation in this particular area. Its interests are primarily local. *See McDonald v. Bd. of Miss. Levee Comm'rs,* 832 F.2d 901, 907.

The RRWC has the authority to sue and be sued, weighing against immunity. La. R.S. 34:2309(1). Finally, the RRWC has the

right to use and hold property in its own name. La. R.S. 34:2309(3); La. R.S. 34:2309(13). After weighing all the factors, we find that the RRWC is not entitled to Eleventh Amendment immunity.

The plaintiffs ask the court to certify the ruling for interlocutory appeal. We find the law is clear and decline to certify those issues requiring certification for appeal.

### V. *Conclusion*

We have reviewed our prior denial of plaintiffs' motion to sever and remand. This motion is GRANTED IN PART AND DE-NIED IN PART. The court has reconsidered the issue of Eleventh Amendment immunity and has concluded that the RRWC in not entitled to this defense.