Jerry KRIM, Plaintiff,

v.

PCORDER.COM, INC.; Ross A. Cooley; Trilogy Software, Inc.; Peter J. Barris; Joseph A. Liemandt; Robert W. Stearns; and Linwood A. Lacy, Jr., Defendants.

No. A–00–CA–776–SS.

United States District Court,
W.D. Texas,
Austin Division.

Dec. 16, 2002.

J. Hoke Peacock, II, Orgain, Bell & Tucker, Beaumont, TX, Harvey Greenfield, Laura M. Perrone, Law Firm of Harvey Greenfield, New York City, Michael D. Braun, Stull, Stull & Brody, Los Angeles, CA, for Jerry Krim.

James D. Baskin, III, The Baskin Law Firm, Austin, TX, Andrew L. Barroway, Shiffrin & Barroway, Bal Cynwyd, PA, James I. Jaconette, William S. Lerach, Darren J. Robbins, Stephen J. Oddo, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, Bruce G. Murphy, Law Offices of Bruce G. Murphy, Vero Beach, FL, Paul Geller, Jonathan M. Stein, Howard K. Coates, Jack Reise, Jr., Cauley, Geller, Bowman & Coates, LLP, Boca Raton, FL, Ira M. Press, Kirby, McInerney & Squire, LLP, New York City, Richard Bemporad, Lowey, Dannenberg, Bemporad & Selinger, PC, White Plains, NY, Marian P. Rosner, Wolf

Popper, LLP, New York City, for Jean Schwartz.

James Edward Maloney, Baker & Botts, Houston, TX, Patrick O. Keel, Baker Botts, LLP, Austin, TX, for pcOrder.com, Inc., Ross A. Cooley, James J. Luttenbacher, and Cristina C. Jones.

Robert M. O'Boyle, Haynes and Boone, Austin, TX, Noel M. Hensley, Nicholas Even, Haynes and Boone, LLP, Dallas, TX, for Peter J. Barris, Joseph A. Liemandt, and Trilogy Software, Inc.

Alan D. Albright, Geoffrey R. Unger, Gray, Cary, Ware & Freidenrich, LLP, Ausin, TX, Robert W. Brownlie, Shirli Fabri Weiss, Gray, Cary, Ware & Freidenrich, San Diego, CA, for Robert W. Stearns and Linwood A. Lacy, Jr.

Karl S. Stern, Vinson & Elkins, Houston, TX, Gary Ewell, Vinson & Elkins, LLP, Austin, TX, for SG Cowen & Co., Credit Suisse First Boston, and Goldman, Sachs & Co.

### *ORDER*

SPARKS, District Judge.

BE IT REMEMBERED on the 16th day of December 2002 the Court reviewed the file in the above-styled cause, specifically Lead Plaintiffs' Motion to for Reconsideration of Order Denying Class Certification [# 156], Defendants' opposition [# 158], and Lead Plaintiffs' Reply [# 159], and the Motion of Milberg, Weiss, Bershard, Hynes, and Lerach, L.L.P. to Withdraw as Counsel [# 157]. Having considered the motions and responses, the case file as a whole, and the applicable law, the Court enters the following opinion and orders.

### Background

This lawsuit is a consolidated securities action grounded in strict liability and negligence against pcOrder.com, Inc., its directors, controlling shareholder Trilogy Software, Inc., and its investment bankers (collectively, the "Defendants") pursuant to Sections 11 and 15 of the Securities Act of 1933. The suit is brought by investors who purchased stock they allege was issued pursuant to misleading Registration Statements filed with the Securities and Exchange Commission ("SEC") in connection with pcOrder.com's March 1999 initial public offering and/or its December 1999 secondary public offering. The Lead Plaintiffs move for this Court to appoint Gene Burke, David Petrick, and Bret Beebe as class representatives and certify the following class:

> All persons who purchased or otherwise acquired the common stock of pcOrder.com, Inc. ("pcOrder" or the "Company") in connection with the Company's February 26, 1999 Initial Public Offering ("IPO"), issued pursuant to the Form S–1/A Registration Statement filed with the SEC on February 25, 1999, and the March 1, 1999 Prospectus, or the Company's December 7, 1999 Secondary Public Offering ("Secondary Offering"), issued pursuant to the Form S–1/A Registration Statement filed with the SEC on December 6, 1999, the Form S–1MEF filed with the SEC on December 7, 1999 and the December 8, 1999 Prospectus, and were injured thereby (the "Class"). Excluded from the Class are defendants and member of their immediate families, pcOrder's officers and directors, any entity in which a defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any excluded party.

On February 26, 1999, pcOrder.com conducted an initial public offering, and on December 7, 1999, a secondary public offering. In conjunction with each, pcOrder.com filed a registration statement with the SEC. Lead Plaintiffs contend the February 1999 and December 1999 registration statements and prospectuses contained therein were false and misleading when filed with the SEC because they misrepresented pcOrder.com had a viable business plan, had an ability to generate and report accurate operating and financial information, and stated pcOrder.com was not competing with Trilogy Software for revenue. *See* Consolidated Class Action Compl., at 1. Lead Plaintiffs claim they and other members of the proposed class suffered tens of millions of dollars in damages as a result of their purchasing pcOrder.com stock issued pursuant to and traceable to misleading registration statements. *Id.* at 2 & 16.

On October 21, 2002, this Court entered its order denying class certification and specifically holding that (1) only Bret Beebe, not Dr. Gene Burke or David Petrick, has standing to sue, but (2) regardless, the Court will not certify the class because the proposed class representatives and their counsel do not satisfy the Rule 23's adequacy requirement. The Lead Plaintiffs now move for the Court to reconsider its denial of class certification.

## Analysis

### I. Applicable Standard for a Motion to Reconsider

"Although the 'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it has become one of the more popular indoor courthouse sports at the district court level. Such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple—a chance to reargue and sometimes submit additional argument and authority in support of his lost motion." *State of Louisiana v. Sprint Communications Co.,* 899 F.Supp. 282, 284 (M.D.La., 1995). The Fifth Circuit typically interprets motions to reconsider dispositive pretrial orders as analogous to Rule 60(b) motions for relief from judgment or Rule 59(e) motions to alter or amend the judgment, depending on whether the motion is filed within ten days of the order's issuance. *See, e.g., Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (holding a motion to reconsider a summary judgment should be construed as a Rule 59(e) motion if it is served within ten days of the rendition of the judgment, and but a Rule 60(b) motion if served after that); *Charles*

L.M. v. Northeast Indep. School Dist., 884 F.2d 869, 869 (5th Cir.1989) (treating a motion to reconsider a dismissal order served within ten days of the order's issuance as a Rule 59(e) motion). However, district courts in the Fifth Circuit have also entertained motions to reconsider non-dispositive pretrial orders, like this denial of class certification, relying on the standards articulated in the context of dispositive orders. *See Texas Instruments, Inc. v. Hyundai Elec. Indus., Co.,* 50 F.Supp.2d 619, 621 (E.D.Tex.1999) (reconsidering order excluding evidence); *In re Ford Motor Co.,* No. Civ.A.MDL991, 1997 WL 191488, at *2 (E.D.La. April 17, 1997) (reconsidering order denying class certification and rejecting settlement proposal). The Court thus relies on the entire body of case law for guidance.

Motions to reconsider "based on recycled arguments only [serve] to waste the resources of the court," and are not the proper vehicle to "[rehash] old arguments or [advance] legal theories that could have been presented earlier." *Texas Instruments,* 50 F.Supp.2d at 621 (quoting *Sprint Communications,* 899 F.Supp. at 284 and *Resolution Trust Corp. v. Holmes,* 846 F.Supp. 1310, 1316 (S.D.Tex.1994)).[1] Instead, these motions serve a narrow purpose: to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence. *Id.* (citing *Lupo v. Wyeth–Ayerst Labs.,* 4 F.Supp.2d 642, 643 (E.D.Tex.1997)). "[L]itigants are expected to present their strongest case when the matter is first considered." *Id.* (quoting *Sprint Communications,* 899 F.Supp. at 284).

In the instant case, the Lead Plaintiffs seek the Court's reconsideration of its Octo-

---

**1.** To reurge their extensively briefed positions on standing and adequacy, the Lead Plaintiffs could have in fact pursued an interlocutory appeal. *See* FED. R. CIV. P. 23(f); *see also Bertulli v. Independent Ass'n of Continental Pilots,* 242 F.3d 290, 294 (5th Cir.2001) (holding even though Rule 23(f) limits the interlocutory appeal to the denial or grant of class certification, the court of appeals can consider standing issues because standing is a prerequisite to class certification under Rule 23). Of course, the Plaintiffs would have had to filed their Rule 23(f) appeal within ten days after the entry of the order denying class certification, which they failed to do. *See* FED. R CIV. P. 23(f). The Court notes this motion to

reconsider should not toll the time period to file the Rule 23(f) appeal because it was not filed within ten days of the order's issuance. *See Shin v. Cobb Cty. Bd. of Education,* 248 F.3d 1061, 1064–65 (11th Cir.2001); *Blair v. Equifax Check Services* 181 F.3d 832, 837 (7th Cir.1999) ("federal courts have long held a motion for reconsideration tolls the time for appeal, provided the motion is made within the time for appeal.") The Court's order is file-stamped October 21, 2002, and so the Lead Plaintiffs had until November 4, 2002 to timely file their motion, which they untimely filed on November 5, 2002 at 7:12 p.m. *See* FED. R CIV. P. 6(a).

ber 21, 2002 order denying class certification ("Order") on the following grounds: (1) the Court employed an erroneous legal standard in undertaking its inquiry into the Lead Plaintiffs' adequacy; (2) the evidence demonstrates the Lead Plaintiffs (especially Bebe) are within the Fifth Circuit "mainstream in terms of representative capacity"; (3) Lead Plaintiffs' counsel have shed even the appearance of conflict which were of concern to the Court; and (4) the Lead Plaintiffs' evidence and argument on standing present an issue of first impression and therefore the Court was misguided in its reliance on distinguishable case law. The Court will only address these arguments insofar as Lead Plaintiffs present newly discovered evidence or allege manifest errors of law or fact. The Court will not revisit its findings and legal conclusions with which the Lead Plaintiffs merely disagree, except to point out the issues have already been addressed.

## II. Standing

■ Lead Plaintiffs contend they have produced evidence that each Lead Plaintiff acquired at least one share of stock issued pursuant to a misleading registration statement, and thus they have proved standing. This is the same argument Lead Plaintiffs briefed and argued, which the Court already rejected. *See, e.g.,* Pl.'s Reply Br. in Supp. of Mot. for Class Cert. at 8–10. The Court recognizes the scope of Section 11 standing is an issue of first impression in the Fifth Circuit, and therefore followed the precedent established by the other Circuits that have considered the issue and decided to 1) accept that aftermarket purchasers who can trace have standing, and 2) reject the position that a Section 11 plaintiff need only prove through statistical probabilities that it acquired a stock from a certain offering. *See* Order at 3–8 and cases cited therein. Whether the Plaintiffs approve of the "fungible

mass" label[2] for the probability-based tracing theory they advance is unimportant. Moreover, it is no reason to readdress this issue that the Court addressed at great length in its Order.

## III. *Berger* and the Adequacy Standard

■ The Lead Plaintiffs next ask the Court to reconsider its finding that they as the proposed class representatives fail to meet the Rule 23 adequacy requirement, arguing 1) the Court relied on non-binding dicta in its articulation of the adequacy standard, and 2) the Plaintiffs are adequate under "mainstream" Fifth Circuit notions of adequacy. Specifically, Plaintiffs rehash their argument that the Court should not rely on *Berger v. Compaq Computer Corp.,* 257 F.3d 475 (5th Cir.2001) ("*Berger I*") because of the Fifth Circuit's three-paragraph opinion denying an en banc rehearing of the case. *See Berger v. Compaq Computer Corp.,* 279 F.3d 313 (5th Cir.2002) ("*Berger II*"). The Court rejects Plaintiffs' interpretation of *Berger II,* just at it did the first time it considered the argument. The Court reads *Berger II* to say *Berger I* clarified the existing Rule 23 adequacy precedent. *See Berger II,* 279 F.3d at 313 (denying the petition to rehear *Berger I* and explaining *Berger I* did not create an additional adequacy requirement under Rule 23(a), but followed the law of the Fifth Circuit). Consequently, in its Order, the Court relied on *Berger I,* as well as those cases that *Berger I* cites and explains, for its articulation of what is required of a proposed class representative in order that he or she be deemed adequate. Even if some of the discussion surrounding adequacy in *Berger I* were dicta (although the Court does not consider it dicta), the Court would still find the discussion insightful into the Fifth Circuit's position on Rule 23 adequacy. The Court stands by the adequa-

**2.** This term was employed by the Minnesota District Court in *Kirkwood v. Taylor,* 590 F.Supp. 1375, 1378 (D.Minn.1984). Although Lead Plaintiffs disapprove of the term's use in their case, the Court found persuasive and instructive the *Kirkwood* rationale rejecting statistical probabilities as a substitute for actual tracing, especially its point that to permit otherwise would enable "all persons who held stock in street name on

and after the offering date" to "claim a proportional interest in the shares." *Id.* at 1380. Lead Plaintiffs claim they can prove with virtual certainty that at least one of the shares they purchased was issued pursuant to the misleading registration statement. It seems to the Court likely that any street name shareholder can make a similar claim with regard to *one* share.

cy standard it articulated in its Order (at 8–10) and its reasons for finding the proposed class representatives inadequate (at 10–13). The Lead Plaintiffs, again, fail to provide compelling reasons to revisit the issue and are merely reurging arguments entertained and rejected by the Court.

## IV. Withdrawal of Milberg Weiss

■ Finally, the Lead Plaintiffs argue the Court should reconsider its order denying class certification because Milberg Weiss has moved to withdraw as counsel. First of all, the withdrawal of Milberg Weiss after they were unable to secure the certification of a class for their clients does not address all of the concerns the Court articulated in its order. For instance, the Baskin Law Firm was also serving as counsel during those time periods where counsel failed to adequately prepare the Lead Plaintiffs for their depositions and disclose information to them about other lawsuits, settlement offers, and negotiations. *See* Order at 16. However, even if the Court were confident that with only Baskin serving as class counsel, no potential or actual conflicts remained,[3] it would still refuse to certify the class because the proposed class representatives are inadequate due to their demonstrated inability to "take an active role in and control of the litigation." *See Horton v. Goose Creek Indep. Sch. Dist*, 690 F.2d 470, 484 (5th Cir.1982).

In accordance with the foregoing:

IT IS ORDERED that Lead Plaintiffs' Motion for Reconsideration of Order Denying Class Certification [# 156] is DENIED;

IT IS FURTHER ORDERED that Milberg, Weiss, Bershad, Hynes, & Lerach, L.L.P.'s Motion to Withdraw as Counsel [# 157] is GRANTED with regard to the still

**3.** The Court is *entirely* confident that all time prior to this order, conflicts of counsel existed, apparently without Baskin (or Milberg Weiss) noticing. If Baskin did notice the conflicts, he ignored them. At the hearing on September 20, 2002, Mr. Burkholz of Milberg Weiss explained the Defendants offered to settle all four cases in which they were Defendants, including the instant case and the state case. *See* Tr. at 18–20. Baskin served as counsel in both, although he

pending individual claims of the Lead Plaintiffs.

has since withdrawn from the state case. *See* Tr. at 21–22. He therefore represented two classes, which certainly had differing interests. Furthermore, Baskin was serving as co-counsel with the Milberg Weiss firm, involved in all four conflicting lawsuits, and never advised his clients of these potential conflicts. The Court simply cannot be sure of the ramifications of these conflicts, and if they will have any future effects in this case or the others.